**FILED**
**NOVEMBER 15, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6494**

| | | |
|---|---|---|
| **ELLIS TINO SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| **CITY OF CHICAGO;** | ) | |
| **Chicago Police Officers** | ) | |
| **MICHAEL MALINOWSKI, Star 7028; and** | ) | Jury Demand |
| **VLADAN MILENKOVIC, Star 16135;** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE BROWN**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a United States citizen, and a resident of Munster, Indiana.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about January 15, 2007, Plaintiff ELLIS TINO SMITH was driving his car on 79th Street in Chicago.

9. Defendant-officers were on duty and in the area cruising in a police car.

10. As Plaintiff was driving, he ascertained the Defendant-Officers MALINOWSKI and MILENKOVIC watching him.

11. Plaintiff turned onto Exchange Avenue, then pulled over and parked.

12. Defendant-Officers activated their emergency lights and parked behind Plaintiff.

13. Plaintiff was seized and not free to leave.

14. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

15. Defendant-Officers approached Plaintiff's car.

16. Defendant MALINOWSKI ordered Plaintiff to get out of his car.

17. Plaintiff asked the Defendant-Officers why they stopped him.

18. Defendant MALINOWSKI again ordered Plaintiff out of his car.

19. Plaintiff asked Defendant MALINOWSKI why they wanted him to exit his car.

20. Defendant MALINOWSKI replied, "Because I said so."

21. Plaintiff did not exit his car.

22. The Defendant-Officers threatened Plaintiff. They told Plaintiff that they were going to have his car impounded and seized if he did not get out.

23. Plaintiff became frightened and called his attorney.

24. Plaintiff's attorney told Plaintiff to request a supervisor.

25. Plaintiff asked the Defendant-Officers to call a supervisor.

26. The Defendant-Officers called for a supervisor.

27. The Defendant-Officers continued to threaten Plaintiff while they waited for the supervisor to arrive.

28. When the supervisor (beat 463) arrived, Plaintiff got out of his car.

29. Defendant-officers searched Plaintiff's person.

30. Defendant-Officers did not have a search warrant, probable cause, reasonable suspicion, or any other legal justification to search Plaintiff's person.

31. After searching Plaintiff, the Defendant-Officers searched Plaintiff's car.

32. Defendant-Officers did not have a search warrant, probable cause, exigent

circumstances, or any other legal justification to search Plaintiff's car.

33. The Defendant-Officers claimed that they found suspect cannabis on Plaintiff's person.

34. Plaintiff was not in possession of cannabis.

35. Defendant MILENKOVIC instituted a charge against Plaintiff for possession of cannabis, case number 071188769, Cook County Circuit Court.

36. On or about February 23, 2007, the case was dismissed.

37. As a result of the illegal search and seizure, Plaintiff's car was impounded.

38. To attempt to justify the illegal seizure of Plaintiff, the Defendant-Officers prepared police reports falsely claiming that Plaintiff was stopped for having expired license plates.

39. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

40. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation, and special damages including attorneys' fees, and monies posted for his vehicle.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

41. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

42. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Illegal Search of Person)

43. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

44. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Illegal Search of Vehicle)

45. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

46. The actions of Defendant-Officers in searching Plaintiff's vehicle without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

47. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

48. Defendant-Officers instituted charges against Plaintiff for possession of cannabis.

49. There was not probable cause for such charges.

50. The charges were dismissed and terminated in a manner indicative of Plaintiff's innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

51. The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

52. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

53. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

54. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

55. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

-6-

**Plaintiff demands trial by jury on all counts.**

>Respectfully submitted,
>
>/s/ Lawrence V. Jackowiak
>*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595