UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLIS TINO SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 07 C 6494 |
| CITY OF CHICAGO; | ) JUDGE GETTLEMAN |
| Chicago Police Officers | ) MAGISTRATE JUDGE BROWN |
| MICHAEL MALINOWSKI, Star 7028; and | ) |
| VLADAN MILENKOVIC, Star 16135; | ) |
| Defendants. | ) |

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and Individual Defendants Michael Malinowski and Vladan Milenkovic, by and through one of their attorneys, Christopher Allen Wallace, Assistant Corporation Counsel of the City of Chicago, (collectively referred to hereinafter as "Defendants"), respectfully submit the following joint answer to plaintiff's complaint, affirmative defenses and jury demand.

1.   This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:  Defendants admit that plaintiff purports to bring this action through 42 U.S.C. § 1983 seeking remedies for alleged violations of his Fourth Amendment rights.**

2.   Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. § 1331 and 1343(a).  Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:  Defendants admit that jurisdiction is proper.**

3.   Venue is proper in this court pursuant to 28 U.S.C. ' 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:  Defendants admit that venue is proper.**

## Parties

4. Plaintiff is a United States citizen, and a resident of Munster, Indiana.

**ANSWER:** Defendants admit, upon information and belief, that plaintiff is a United States citizen. Defendants lack knowledge and information sufficient to form a belief as to the truth of plaintiff's allegation that he is a resident of Munster, Indiana.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations set forth in paragraph five.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations set forth in paragraph six.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendants admit the allegations set forth in paragraph seven.

## Facts

8. On or about January 15, 2007, Plaintiff ELLIS TINO SMITH was driving his car on 79th Street in Chicago.

**ANSWER:** Defendants admit that plaintiff was driving a vehicle on January 15, 2007, on or near 79th street. Defendants deny, upon information and belief, the allegations set forth in paragraph eight to the extent they allege ownership of the vehicle plaintiff was driving.

9. Defendant-officers were on duty and in the area cruising in a police car.

**ANSWER:** Defendants admit that they were on duty and doing routine patrol on January 15, 2007.

10. As Plaintiff was driving, he ascertained the Defendant-Officers MALINOWSKI and MILENKOVIC watching him.

**ANSWER:** Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation set forth in paragraph ten.

2

11.   Plaintiff turned onto Exchange Avenue, then pulled over and parked.

**ANSWER:   Defendants deny the allegations set forth in paragraph eleven.**

12.   Defendant-Officers activated their emergency lights and parked behind Plaintiff.

**ANSWER:   Defendants deny the allegations set forth in paragraph twelve as stated. Answering further, Defendants admit that at some point the emergency lights were activated and admit that at some point they stopped behind plaintiff's vehicle.**

13.   Plaintiff was seized and not free to leave.

**ANSWER:   Defendants admit the allegations set forth in paragraph thirteen.**

14.   Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

**ANSWER:   Defendants deny the allegations set forth in paragraph fourteen.**

15.   Defendant-Officers approached Plaintiff's car.

**ANSWER:   Defendants admit the allegations set forth in paragraph fifteen.**

16.   Defendant MALINOWSKI ordered Plaintiff to get out of his car.

**ANSWER:   Defendants admit that at some point Officer Malinowski ordered plaintiff to get out of his car.**

17.   Plaintiff asked the Defendant-Officers why they stopped him.

**ANSWER:   Defendants admit that at some point plaintiff asked why they stopped him.**

18.   Defendant MALINOWSKI again ordered Plaintiff out of his car.

**ANSWER:   Defendants admit that at some point Officer Malinowski ordered plaintiff to get out of his car.**

19.   Plaintiff asked Defendant MALINOWSKI why they wanted him to exit his car.

**ANSWER:   Defendants deny the allegation set forth in paragraph nineteen.**

20.   Defendant MALINOWSKI replied, "Because I said so."

3

**ANSWER:  Defendants deny the allegation set forth in paragraph twenty.**

21. Plaintiff did not exit his car.

**ANSWER:  Defendants admit that plaintiff would not exit the vehicle.  Answering further, Defendants state that plaintiff eventually exited the vehicle.**

22. The Defendant-Officers threatened Plaintiff.  They told Plaintiff that they were going to have his car impounded and seized if he did not get out.

**ANSWER:  Defendants deny the allegations set forth in paragraph twenty-two.**

23. Plaintiff became frightened and called his attorney.

**ANSWER:  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph twenty-three.**

24. Plaintiff's attorney told Plaintiff to request a supervisor.

**ANSWER: Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph twenty-four.**

25. Plaintiff asked the Defendant-Officers to call a supervisor.

**ANSWER:  Defendants deny the allegations set forth in paragraph twenty-five.**

26. The Defendant-Officers called for a supervisor.

**ANSWER:  Defendants admit that a supervisor was called for from the scene but deny that such request was made at the impetus of the plaintiff's request.**

27. The Defendant-Officers continued to threaten Plaintiff while they waited for the supervisor to arrive.

**ANSWER:  Defendants deny the allegations set forth in paragraph twenty-seven.**

28. When the supervisor (beat 463) arrived, Plaintiff got out of his car.

**ANSWER:  Defendants deny the allegations set forth in paragraph twenty-eight.**

29. Defendant-officers searched Plaintiff's person.

**ANSWER:  Defendants admit that plaintiff's person was searched.**

4

30. Defendant-Officers did not have a search warrant, probable cause, reasonable suspicion, or any other legal justification to search Plaintiff's person.

**ANSWER: Defendants admit that the Defendant-Officers did not have a search warrant. Defendants deny the remaining allegations set forth in paragraph thirty.**

31. After searching Plaintiff, the Defendant-Officers searched Plaintiff's car.

**ANSWER: Defendants admit that plaintiff's vehicle was searched at some point.**

32. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's car.

**ANSWER: Defendants admit that the Defendant-Officers did not have a search warrant. Defendants deny the remaining allegations set forth in paragraph thirty-one.**

33. The Defendant-Officers claimed that they found suspect cannabis on Plaintiff's person.

**ANSWER: Defendants state that "suspect cannabis" was found on the plaintiff's person. Defendants deny the remaining allegations set forth in paragraph thirty-three.**

34. Plaintiff was not in possession of cannabis.

**ANSWER: Defendants deny the allegations set forth in paragraph thirty-four.**

35. Defendant MILENKOVIC instituted a charge against Plaintiff for possession of cannabis, case number 071188769, Cook County Circuit Court.

**ANSWER: Defendants admit the allegations set forth in paragraph thirty-five.**

36. On or about February 23, 2007, the case was dismissed.

**ANSWER: Defendants admit that on February 23, 2007, the criminal case was dismissed by means of an s.o.l. motion.**

37. As a result of the illegal search and seizure, Plaintiff's car was impounded.

**ANSWER: Defendants admit that the vehicle was impounded. Defendants deny the remaining allegations set forth in paragraph thirty-seven.**

5

38. To attempt to justify the illegal seizure of Plaintiff, the Defendant-Officers prepared police reports falsely claiming that Plaintiff was stopped for having expired license plates.

**ANSWER: Defendants deny the allegations set forth in paragraph thirty-eight.**

39. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER: Defendants deny the allegations set forth in paragraph thirty-nine.**

40. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation, and special damages including attorneys' fees, and monies posted for his vehicle.

**ANSWER: Defendants deny the allegations set forth in paragraph forty.**

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

41. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER: Defendants reassert their answers contained in the preceding paragraphs one through forty and incorporate their answers herein, as though fully stated.**

42. The actions of Defendant-Officers in arresting Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER: Defendants deny the allegations set forth in paragraph forty-two.**

**WHEREFORE, Defendants request this Court enter judgment in their favor and against plaintiff and enter any other relief in favor of Defendants and against plaintiff that this Court deems just and proper.**

## COUNT II
### (42 U.S.C. § 1983 – Illegal Search of Person)

43. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers contained in the preceding paragraphs one through forty and incorporate their answers herein, as though fully stated.

44. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER:** Defendants deny the allegations set forth in paragraph forty-four.

WHEREFORE, Defendants request this Court enter judgment in their favor and against plaintiff and enter any other relief in favor of Defendants and against plaintiff that this Court deems just and proper.

## COUNT III
(42 U.S.C. § 1983 – Illegal Search of Vehicle)

45. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers contained in the preceding paragraphs one through forty and incorporate their answers herein, as though fully stated.

46. The actions of Defendant-Officers in searching Plaintiff's vehicle without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER:** Defendants deny the allegations set forth in paragraph forty-six.

WHEREFORE, Defendants request this Court enter judgment in their favor and against plaintiff and enter any other relief in favor of Defendants and against plaintiff that this Court deems just and proper.

## COUNT IV
(State Law Claim for Malicious Prosecution)

47. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

**ANSWER: Defendants reassert their answers contained in the preceding paragraphs one through forty and incorporate their answers herein, as though fully stated.**

48. Defendant-Officers instituted charges against plaintiff for possession of cannabis.

**ANSWER: Defendants admit the allegations set forth in paragraph forty-eight.**

49. There was not probable cause for such charges.

**ANSWER: Defendants deny the allegation set forth in paragraph forty-nine.**

50. The charges were dismissed and terminated in a manner indicative of Plaintiff's innocence.

**ANSWER: Defendants deny the allegations set forth in paragraph fifty.**

**WHEREFORE, Defendants request this Court enter judgment in their favor and against plaintiff and enter any other relief in favor of Defendants and against plaintiff that this Court deems just and proper.**

## COUNT V
### (State Law *Respondeat Superior* Claim)

51. The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER: Defendants deny the allegations set forth in paragraph fifty-one.**

52. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is liable for its agents' actions.

**ANSWER: Defendants deny that plaintiff has correctly, accurately or completely stated the nature of the City's liability under Illinois law, if any.**

WHEREFORE, Defendants request this Court enter judgment in their favor and against plaintiff and enter any other relief in favor of Defendants and against plaintiff that this Court deems just and proper.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

53.   Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

**ANSWER**:   **Defendants reassert their answers contained in the preceding paragraphs one through forty and incorporate their answers herein, as though fully stated.**

54.   The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER**:   **Defendants deny the allegations set forth in paragraph fifty-four.**

55.   Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER**:   **Defendants deny that plaintiff has correctly, accurately or completely stated the nature of the City's liability under Illinois Tort Immunity Act, if any.**

WHEREFORE, Defendants request this Court enter judgment in their favor and against plaintiff and enter any other relief in favor of Defendants and against plaintiff that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.   The Individual Defendant Officers are entitled to qualified immunity. They are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing

9

the facts and circumstances that confronted these police officers could have believed their actions to be lawful, in light of clearly established law and the information the officers possessed.

2. Under Section 201 of the Local Government and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the Individual Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2002).

3. Under Section 202 of the Tort Immunity Act, the Individual Defendant Officers are not liable for injuries claimed in plaintiff's state law claims because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2002). The Individual Defendant Officers were engaged in the execution and enforcement of the law and their conduct was not willful and wanton.

4. Under Section 204 of the Tort Immunity Act, the Individual Defendant Officers are not liable for injuries claimed under plaintiff's state law claims because they are not liable for injuries caused by the acts or omission of other persons. 735 ILCS 10/2-204 (2002).

5. Under Section 208 of the Tort Immunity Act, the Individual Defendant Officers are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2002).

6. Under Section 109 of the Tort Immunity Act, the City of Chicago is not liable to plaintiff if its employees are not liable to plaintiff. 745 ILCS 10/2-109 (2002).

7. Under Section 102 of the Tort Immunity Act, the City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102 (2002).

8.  Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of plaintiff's own acts or omissions, including but not limited to plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

9.  To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

## JURY DEMAND

Defendants request trial by jury.

DATED:   January 28, 2008

Respectfully submitted,

| | |
|---|---|
| City of Chicago<br>Mara S. Georges<br>Corporation Counsel | Officer Michael Malinowski<br>Officer Vladan Milenkovic |
| By: /s/ *Christopher A. Wallace*<br>     Christopher A. Wallace<br>Assistant Corporation Counsel<br>*Attorney for Defendant City of Chicago* | By: /s/ *Christopher A. Wallace*<br>     Christopher A. Wallace<br>Assistant Corporation Counsel<br>*Attorney for Individual Defendants* |
| City of Chicago Department of Law<br>30 N. LaSalle Street<br>Suite 1400<br>Chicago, Illinois 60602<br>T: (312) 742-6408<br>F: (312) 744-6566<br>ARDC # 6278655 | City of Chicago Department of Law<br>Individual Defense Litigation Division<br>30 N. LaSalle Street<br>Suite 1400<br>Chicago, Illinois 60602<br>T: (312) 742-6408<br>F: (312) 744-6566<br>ARDC # 6278655<br><br>/s/ *Sanjay Patel*<br>SANJAY H. PATEL<br>Assistant Corporation Counsel |

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-3902
(312) 744-6566 (Fax)
Atty. No. 06272840

### CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on January 28, 2008, I caused a copy of the foregoing Joint Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the Court's ECF system.

/s/ *Christopher Wallace*
Christopher Wallace